IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID DURAN | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv307 |
| LANCE C. KNOD | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff David Duran, an inmate confined at the Hughes Unit, proceeding *pro se*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Lance C. Knod, a Lieutenant at the Stiles Unit.

The court heretofore referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed for want of prosecution.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. On May 2, 2005, plaintiff was

1

ordered to pay an initial partial filing fee of $9.40. Despite having had more than six months in which to pay the ordered initial partial filing fee plaintiff has failed to do so. Plaintiff has employed various tactics to avoid paying the fee such as claiming he is not responsible for payment of the initial partial filing fee, claiming he lost his prison identification card and now claiming he lacks the funds to pay the fee.

On November 21, 2005, plaintiff submitted a new application to proceed *in forma pauperis* claiming an inability to pay the initial partial filing fee. A review of the application reveals that, during the six month period since being ordered to pay an initial partial filing fee of $9.40, plaintiff has had $102.79 deposited to his prisoner account. Further, during the same six month period plaintiff has maintained an average balance of 87.15 in his account with decreasing monthly high balances during the period, indicating spending occurred in the account each month. Finally, as recent as October, 2005, plaintiff had a balance of $49.33 in his prisoner account. Thus, plaintiff has had the ability to pay the initial partial filing fee as ordered but did not do so, instead submitting various excuses to the court for his noncompliance.[1]

---

[1] It is noted that the events which form the basis of this complaint occurred on or after January 17, 2005. Accordingly, plaintiff is not barred from submitting his claims in a new civil action should he choose to do so within the limitations period. The statue of limitations in Texas for section 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **23** day of **November, 2005.**

_____
Thad Heartfield
United States District Judge